# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

DAVID GENE HALL, )
                    Petitioner, ) No. 04-01160-CV-DW
v. ) (No. 02-0164-CR-DW)
                     )
UNITED STATES OF AMERICA, )
                    Respondent. )

## ORDER

Petitioner David Gene Hall has filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) For the following reasons, the motion is denied.

Petitioner seeks relief from the 131-month sentence imposed following his conviction for violating 21 U.S.C. §841 (attempting to manufacture methamphetamine).[1] In his motion, Petitioner makes the following claims: (1) the sentence is invalid because it is based on facts not found by a jury or admitted to in the plea agreement (status as career offender and quantity of drugs involved); (2) Petitioner's conviction and sentence violate <u>Blakely v. Washington</u>, __ U.S. __, 124 S. Ct. 2531 (2004); and (3) counsel was ineffective for failing to make arguments pursuant to <u>Blakely</u>, failing to review the presentence report with Petitioner, and failing to file a downward departure motion based on Petitioner's health. Each claim is addressed in turn.

1.

With regard to the first claim, the Court notes that the argument was likely waived when Petitioner did not raise it on appeal. <u>Anderson v. United States</u>, 25 F.3d 704, 706 (8th Cir. 1994) ("A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a §2255 motion if the

---

[1] The 131-month sentence was imposed after the Court granted the Government's motion for a downward departure. Upon granting the motion, Petitioner's sentence was halved.

issue could have been raised on direct appeal but was not.") Assuming that it was not waived, the Court denies the claim as without merit. Petitioner argues that his sentence is invalid because his status as a career offender was not pleaded to or found by a jury. Petitioner acquired the status of career offender due to his record of prior felony convictions. As the Supreme Court has consistently held, "a prior felony conviction is a sentencing factor and not a separate offense and it therefore does not need to be pled in the indictment or put to a jury." United States v. Thomas, 398 F.3d 1058, 1063-64 (8th Cir. 2005) (citing Apprendi v. New Jersey, 530 U.S. 466 (2000) and other cases). Further, as the Government argues, the quantity of drugs involved was not a factor in Petitioner's sentencing given his career offender status; thus, the fact that the quantity of drugs was not pleaded to or found by a jury does not entitle Petitioner to relief. For these reasons, the first claim is denied.

2.

Petitioner's second claim is that his conviction and sentence violate Blakely. Blakely (and its follow-up Booker v. United States, __ U.S. __, 125 S. Ct. 738 (2005)) may entitle Petitioner to relief only if the rulings are deemed retroactive. For a new rule to be retroactive to cases on collateral review under § 2255, the Supreme Court itself must make the rule retroactive. Tyler v. Cain, 533 U.S. 656, 662-63 (2001). "When the Supreme Court makes a rule retroactive for collateral-review purposes, it does so unequivocally, in the form of a holding." In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005). The Supreme Court has not made the Booker or Blakely rulings retroactive. McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) (Booker not retroactive); United States v. Pine, 400 F.3d 844, 849 (10th Cir. 2005) (Blakely not retroactive). Petitioner therefore is not entitled to relief.

2

3.

Petitioner's final line of argument relates to his counsel's effectiveness. In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the U.S. Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel. First, a petitioner must show that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id</u>. at 687. To satisfy this prong of the test, a petitioner must overcome the strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. <u>Id</u>. at 689. Second, a petitioner must demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>. at 694.

Petitioner argues that his counsel was ineffective for failing to lodge <u>Blakely</u> objections during the plea and sentencing. However, as explained, <u>Blakely</u> has not been made retroactive and therefore counsel cannot be faulted for not making <u>Blakely</u> objections.

Next, Petitioner argues that his counsel was ineffective at sentencing because he failed to review the presentence report with him. At sentencing, Petitioner admitted that he had been given at least ten days to review the PSR. When given the chance at sentencing, Petitioner did not raise any objection to the PSR, nor did he make any complaints about his counsel's representation. Under these circumstances, Petitioner cannot establish prejudice.

Finally, Petitioner argues that his counsel was ineffective for failing to file a motion for downward departure based on Petitioner's health. The argument overlooks the fact that, at the "vigorous" urging of defense counsel, the Government filed a downward departure motion based in part on Petitioner's condition of health. The motion was granted by the Court and, as a result, Petitioner's sentence was reduced from 262 months to 131 months. The Court simply rejects

Petitioner's argument that counsel should have filed a separate motion based on his health.  Further, Petitioner has utterly failed to show that counsel's failure to file the motion resulted in prejudice.

In sum, the Court finds that Petitioner did not receive ineffective assistance of counsel at any stage of this case.

For the foregoing reasons, the § 2255 petition for habeas relief is denied.  The Court further finds that Petitioner has failed to make a substantial showing that he has been denied constitutional rights. Garrett v. United States, 211 F.3d 1075, 1076-77 (8th Cir. 2000).  Accordingly, he is denied a certificate of appealability.

IT IS SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Court

Date:  June 28, 2005